UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-CR-00165 (JMB/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Rosalinda Marie Robledo, | |
| Defendant. | |

This matter is before the Court on Defendant Rosalinda Marie Robledo's correspondence requesting to appoint counsel (for the second time)[1] for the purposes of drafting and filing a motion for compassionate release. (Doc. No. 73.) For the reasons discussed below, the Court denies Robledo's request.

## BACKGROUND

In January 2023, Robledo pleaded guilty to one count of conspiracy to distribute methamphetamine. (Doc. No. 34.) The Court sentenced Robledo to eighty months of imprisonment followed by three years of supervised release. (Doc. No. 62 at 2–3.) Robledo is currently incarcerated at FCI Waseca with a projected release date of May 16, 2029. (Doc. No. 77 at 2.)

Robledo has two minor children, A.G and X.G., both now in their late teens. (PSR ¶ 46.) In September 2024, the father of A.G. and X.G. died. (Doc. No. 74.) Robledo represents that she has been struggling to find living arrangements for her children

---

[1] Robledo filed a motion to appoint counsel for the purposes of filing a motion for compassionate release (Doc. No. 69). The Court denied this motion. (Doc. No. 72)

1

following their father's death, and she would like to seek compassionate release to permit her to care for her two minor children. (Doc. No. 73 at 1.) Robledo moves for appointment of counsel to assist her in filing a motion for compassionate release due to this change in family circumstances as contemplated by U.S.S.G. § 1B1.13(b)(3)(A).

## DISCUSSION

A defendant does not have a Sixth Amendment right to counsel in postconviction proceedings. *Garza v. Idaho*, 586 U.S. 232, 245 (2019); *accord United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009) (finding there is no constitutional right to counsel in a § 3582(c) proceeding). The appointment of counsel for postconviction proceedings is left to the discretion of the district court. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). Whether the appointment of counsel is warranted can be determined by evaluating "the factual and legal complexity of the case, and the [defendant's] ability both to investigate and to articulate [her] claims without court appointed counsel." *Id*.

The Court does not find the appointment of counsel to be necessary at this time. Robledo's case for compassionate release is not so factually or legally complex as to prevent Robledo from proceeding in her motion without the aid of an attorney. *See, e.g.*, *United States v. Romero*, No. 05-CR-368 (JRT/FLN), 2022 WL 5250186, at *4 (D. Minn. Oct. 6, 2022) (denying motion to appoint counsel where "[defendant] has not articulated any genuine obstacle preventing him from investigating and articulating his claims on his own"). Moreover, Robledo has demonstrated, through her several postconviction filings, an ability to investigate the legal paths available to her and to communicate fluidly with the Court. *See United States v. Oatman*, No. 15-235, 2021 WL 4167674, at *2 (D. Minn.

Sept. 14, 2021) (denying a defendant's motion to appoint counsel because "[t]he instant motion shows that Defendant is able and willing to perform legal research and to communicate with the Court").

As more than thirty days have now passed since Robledo filed her request with the warden of her BOP facility without reply, Robledo is permitted to file a motion for compassionate release with this Court. (Doc. Nos. 73 at 1, 74 at 4.) *See* 18 U.S.C. § 3582(c)(1)(A). Should Robledo persist in this motion, she is encouraged to consider and respond to the arguments raised by the Government as to whether the circumstances warrant compassionate release under 18 U.S.C. § 3582(a)(1)(A), and whether the federal sentencing factors provided in section 3553(a) would support release in this case. (*See* Doc. No. 77.)

## ORDER

Based on the foregoing, as well as on the files, records, and proceedings herein, IT IS HEREBY ORDERED that Defendant Rosalinda Marie Robledo's request to Appoint Counsel (Doc. No. 73) is DENIED.

Dated: December 30, 2024                    /s/ *Jeffrey M. Bryan*
                                                                                                     Judge Jeffrey M. Bryan
                                                                                                     United States District Court